UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AUGUST CARNES,

      Plaintiff,

v.                                            CASE NO. 3:21-cv-105-MCR

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

      Defendant.
_____/

## **ORDER**

**THIS CAUSE** is before the Court on the Unopposed Petition for Attorney's Fees under 42 U.S.C. § 406(b) ("Petition"). (Doc. 29.) Plaintiff's counsel makes a timely request for an award of attorney's fees pursuant to Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), in the net amount of $17,401.48. (*Id.* at 1.) For the reasons stated herein, the Petition is due to be **GRANTED**.

      **I.**       **Background**

On January 28, 2021, Plaintiff filed a Complaint in this Court against the Commissioner of the Social Security Administration ("Commissioner"), appealing the denial of his Social Security benefits. (Doc. 1.) Thereafter, on March 11, 2022, the Court issued an order reversing and remanding the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc.

24.)  Then, on May 23, 2022, the Court granted Plaintiff's Consent Petition for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and awarded Plaintiff's counsel $4,916.02 in attorney's fees.  (Doc. 27.)

On remand, the Commissioner issued a favorable decision on July 11, 2023, "indicating that $89,270.00 was awarded to Plaintiff for the period from April 2018 to the present, and that $22,317.50 was withheld from past due benefits."  (Doc. 29 at 2.)  Plaintiff's counsel now seeks an award of attorney's fees in accordance with the contingent fee agreement ("Agreement"), which is attached as Exhibit A of the present Motion.  (Doc. 29-1.)  Per the parties' Agreement, Plaintiff's counsel is seeking 25% of the withheld attorney's fees ($22,317.50) as 406(b) fees.  However, as Plaintiff's counsel already received $4,916.02 in EAJA fees, which must be subtracted from the total 406(b) fee, Plaintiff's counsel requests, in total, $17,401.48 ($22,317.50 less $4,916.02).  (Doc. 29 at 2-3.)

## II.  Standard

Under 42 U.S.C. § 406(b), attorneys who secure a favorable result for their clients upon remand from federal court may petition the Court for a fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).  In capping the fee at 25

percent, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

In *Gisbrecht*, the Supreme Court stated:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807.

The first place that the Court should turn to in assessing the reasonableness of a fee is the parties' fee agreement. *Id.* at 808. In conducting its independent check to ensure that a fee is reasonable, the Court may appropriately reduce the fee for a number of reasons, including "the character of the representation and the results the representative achieved," any delay caused by counsel "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court," and/or benefits that "are large in comparison to the amount of time counsel spent on the case." *Id.*

3

> In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.*

### III.   Analysis

The contingency fee contract in this case provides that Plaintiff agreed to pay his counsel 25% of his past-due benefits. (Doc. 29-1.) Plaintiff's counsel's request for an award of $22,317.50 is within the statutory maximum of 25% of the past-due benefits. Therefore, the contract is presumptively reasonable.

Moreover, there is no reason to reduce the amount of the requested fee. First, with respect to the character of the representation and the results achieved, the Court notes that Plaintiff's counsel provided professional and skilled representation, resulting in a significant award of past-due benefits, ongoing disability benefits, and Medicare. The Court also finds that counsel promptly prosecuted this case.

Further, the Court does not find the requested fee to be disproportionately large in relation to the total amount of time spent on this case (23 hours). While counsel's rate in this case equates to $756.59 per hour

4

(after subtraction of the EAJA fees) or $970.33 per hour (before subtraction of the EAJA fees), such rates are in line with the rates awarded in other contingency fee cases and, therefore, will not lead to a windfall. *See, e.g.*, *White v. Comm'r of Soc. Sec.*, No. 6:09-cv-1208-JA-GJK, 2012 WL 1900562, *6 (M.D. Fla. May 2, 2012) (report and recommendation adopted by 2012 WL 1890558) (approving a contingency fee, which amounted to $1,491 per hour, as reasonable under § 406(b)); *Foster v. Astrue*, No. 3:08-cv-960-HWM-JRK (Doc. 46) (M.D. Fla. Jan. 4, 2012) (adopting a magistrate judge's report and recommendation and approving a contingency fee, which amounted to $1,025.28 per hour, as reasonable under § 406(b)); *Howell v. Astrue*, No. 3:06-cv-438-MCR (M.D. Fla. Jan. 5, 2009) (finding an hourly rate of $625 reasonable based on a 2.5 multiplier); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-KRS, 2008 WL 4456453, *6-7 (M.D. Fla. Sept. 30, 2008) (approving a contingency fee, which amounted to $1,100 per hour, as reasonable under § 406(b)); *Watterson v. Astrue*, No. 3:06-cv-369-HTS, 2008 WL 783634, *1-2 (M.D. Fla. Mar. 21, 2008) (finding a contingency fee, which amounted to $1,089.66 per hour, to be reasonable under § 406(b)); *Vilkas v. Comm'r of Soc. Sec.*, No. 2:03-cv-687-JES-DNF, 2007 WL 1498115, *2 (M.D. Fla. May 14, 2007) (finding a contingency fee, which amounted to $1,121.86 per hour, to be reasonable under § 406(b)); *Bergen v. Barnhart*, No. 6:02-cv-458-ACC-KRS

5

(Docs. 26, 36) (M.D. Fla. Sept. 21, 2006) (approving a contingency fee translating to an award of $1,116.11 per hour under § 406(b)).

There are no other potential reasons to reduce the fee.  Therefore, because the Court finds the contingency fee contract reasonable and because there is no reason to reduce the amount of the requested fee, Plaintiff's counsel will be awarded the requested fee.

Accordingly, it is **ORDERED**:

1. The Petition (**Doc. 29**) is **GRANTED**.

2. The Commissioner shall pay to Plaintiff's counsel the sum of $17,401.48, for § 406(b) fees, out of Plaintiff's past-due benefits.

3. The Clerk of Court shall enter judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida, on September 24, 2024.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record